### DANIEL W. WILCOX *vs.* COUNTY COMMISSIONERS OF MIDDLESEX.

Income derived from dealings in merchandise is not " derived from property subject to tax-- ation," within the meaning of the Gen. Sts. *c.* 11, § 4.

A merchant's income from his business is taxable under the Gen. Sts. *c.* 11, § 4, though he is taxed also on his stock in trade.

PETITION by an inhabitant of Medford for a writ of *certiorari* to reverse the refusal of the respondents, on appeal from the assessors of Medford, to abate a tax assessed there in 1868 on the petitioner's income ; heard by *Morton*, J., and reserved for the determination of the full court on this case :

The petitioner's claim for an abatement was submitted to the respondents, and by them refused, on the following statement : " It is agreed that the petitioner is a resident of said Medford, and the owner of real and personal estate therein ; that his place of business is in the city of Boston, where, as a member of the firm of Day, Wilcox & Company, he is engaged in trade as a leather dealer, in the ordinary course of such trade as a merchant keeping a stock in trade and selling therefrom, and is engaged in no other profession, trade or employment whatever ; that said firm were duly assessed and taxed for the said year in Boston, where their stock in trade and business is and was, and ʝ ave paid said tax as assessed by the assessors of said city ; that the petitioner, as required by law, duly made a return to the assessors of Medford of all his real and personal estate taxable therein, verified by his oath, and, in said return or schedule fur-

nished him in blank to fill, he added, after the printed words 'Income from profession, trade or employment, exceeding $1000,' the words, 'None that is taxable in Medford;' but, on being examined by the assessors, or one of them, as to his income exceeding $1000, he informed them that the amount was $4399.14, and added said figures to his said statement at the assessor's request, at the same time stating that said income was wholly derived from his stock in trade taxable in Boston, and claiming that it was not therefore properly taxable; that said assessors, understanding this claim, did assess the petitioner on said income at the same rate per cent. other property was assessed, to wit, the sum of $54.10; that the petitioner duly applied to said assessors for an abatement of said sum as an overassessment; that an abatement was refused; that the petitioner duly complained to the county commissioners; that the petitioner is satisfied with the assessment of the tax upon him in every other particular than as above; that said income was wholly derived from the petitioner's said business as a merchant as above stated, and in no other way; and that the only question submitted is the legal right, under the statute, to assess said income so derived."

*B. E. Perry*, for the petitioner.

*H. W. Paine*, for the respondents.

AMES, J.  The petitioner's complaint of the manner in which he has been taxed in the town of Medford, where he resides, is based entirely on the assumption that the income which he derives from his business as a member of the firm is derived from their "stock in trade" legally taxable and actually taxed in the city of Boston.  On that ground, he claims that the tax upon his income is assessed in violation of that clause of the statute which provides that "no income shall be taxed which is derived from property subject to taxation."  Gen. Sts. c. 11, § 4.

But it appears to us that the assumption on which the petitioner's case depends is a fallacy.  The income from a "profession, trade or employment," which is taxable under our system of laws, is an entirely different thing from the capital invested in the business, or the stock of goods in the purchase of which

the whole or part of such capital may have been expended. The income meant by the statute is the income for the year, and is the result of the year's business. It is the net result of many combined influences: the use of the capital invested; the personal labor and services of the members of the firm; the skill and ability with which they lay in, or from time to time renew, their stock; the carefulness and good judgment with which they sell and give credit; and the foresight and address with which they hold themselves prepared for the fluctuations and contingencies affecting the general commerce and business of the country. To express it in a more summary and comprehensive form, it is the creation of capital, industry, and skill. The stock of goods that happened to be in the possession of the firm on the first day of May might be, and it is perfectly fair to assume would be, in the ordinary course of business, for the most part sold out, and replaced by another stock; and in the course of the year this operation might be many times repeated. The income to which the statute refers does not mean merely the profits derived from the sale of the goods that happened to be on hand at the date of the tax, but the profits derived from the dealings and business of the firm for the year. It would not relieve the petitioner from any part of his tax, though it should be found that the goods on hand at the date of the tax had yielded no profit whatever, and had contributed absolutely nothing towards making up the sum which he reported to the assessors as his income from that business. It certainly is among possibilities, that the business for the first part of the year may have been conducted, and the entire stock on hand on the first day of May may have been sold, at a loss; and yet that a favorable change in the markets, at a later period, may have overbalanced this loss, and made the result of the whole year a profitable one. And even if it could be said that the "stock" of the firm taxable in Boston is meant by the statute to include the whole amount of the capital invested in its business, yet the profits of the business depend upon many elements and are affected by many causes other than the mere use of capital. The tax which has been assessed upon the peti-

tioner is not for an income derived from specific goods and merchandise; but for an income derived from the business of dealing commercially in the like goods and merchandise with such a degree of skill, judgment and good fortune, that his share of the year's profits amounts to the sum which he returned as his income from business. We cannot doubt that this tax is allowed and justified by the laws of the state; and we see no reason for holding that the petitioner has been overtaxed.

*Petition dismissed, with costs.*