MARJORIE S. HART *vs.* TAX COMMISSIONER.

Berkshire.     September 20, 1921. — October 31, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Tax,* On income.

The tax upon incomes, authorized by St. 1916, c. 269, § 2 (see now G. L. c. 62, § 1), is a property tax, and not a personal tax.

A tax assessed under St. 1916, c. 269, § 2, upon income received in 1917 by a person who during that entire year was not an inhabitant of nor domiciled in this Commonwealth and had no property nor business here, is invalid, although such person became domiciled here on January 26, 1918.

COMPLAINT, filed in the Superior Court on March 31, 1920, under St. 1916, c. 269, § 2, for the purpose of appealing from the refusal of the Tax Commissioner to abate an income tax assessed upon the income of the complainant for the year 1917, when, she alleged, she was not an inhabitant of this Commonwealth.

The case came on to be heard by *Irwin,* J., in the Superior Court upon an agreed statement of facts and was reported by

him to this court for determination upon the pleadings and the agreed statement of facts, judgment to be entered for the complainant in the sum of $840.77 with interest if she was entitled to an abatement; otherwise, judgment to be entered for the respondent.

*S. G. Tenney,* for the complainant.

*A. E. Seagrave,* Special Assistant Attorney General, for the respondent, submitted a brief.

DE COURCY, J.   It is agreed that the complainant was a resident of New York at all times prior to January 26, 1918. She then became, and has since remained, a resident of this Commonwealth. Under protest she filed a return of income received during 1917, and paid a tax assessed thereon. During the years 1917 and 1918 there was no State income tax in the State of New York; and in 1917 the levy was made in that State upon the personal property of the complainant from which her income for that year was derived. In these proceedings for abatement the only question raised is the right of this Commonwealth to levy said income tax.

By our income tax law, St. 1916, c. 269, § 2 (see now G. L. c. 62, § 1), the income taxable is that "received by any inhabitant of this Commonwealth during the calendar year prior to the assessment of the tax." By § 12 of the act the return of his entire income which every taxable individual inhabitant is to make "shall be made on or before the first day of March in each year, and shall relate to the income received during the calendar year ending on the preceding thirty-first day of December." It was further provided by said § 12, which was in force when the complainant became an inhabitant, that "The return required by this section shall be filed by every person who is at any time between the first day of January and the thirtieth day of June in any year an inhabitant of the Commonwealth, if such person has in the preceding year received income taxable hereunder: . . . in the case of any such person who has become an inhabitant of the Commonwealth after the first day of February in any year, such return shall be due and shall be filed ninety days after he becomes such an inhabitant. Every person who is an inhabitant of the Commonwealth at any time between the first day of January and the thirtieth day of June, both inclusive, in any

year, shall be subject to the taxes imposed by this act." The amendment of this section by St. 1919, c. 136, § 2 (see now G. L. c. 62, § 25), made no change affecting the present case.

The above quoted language of the statute apparently embraces the tax here involved. The validity of such a tax, when assessed under the facts here presented, depends largely upon the nature of our income tax. No positive and uniform definition of the word "income" is accepted even by economists; and the concept of legal or taxable income varies with the judicial interpretation of the varying statutes. See Ann. Cas. 1913 C 984 note. In the *Opinion of the Justices*, 220 Mass. 613, 624, it was said: "A tax upon the income of property is in reality a tax upon the property itself. Income derived from property is also property. Property by income produces its kind, that is, it produces property and not something different. It does not matter what name is employed. The character of the tax cannot be changed by calling it an excise and not a property tax. In its essence a tax upon income derived from property is a tax upon the property." See also *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 531, and cases cited; *Maguire* v. *Tax Commissioner*, 230 Mass. 503, 512.

It follows that our income tax, under the present statutes at least, is not an excise, where the income of a preceding year might be taken as a measure in imposing it. In this respect it may differ from the federal income tax, which apparently in some aspects and applications may be an excise. *Brushaber* v. *Union Pacific Railroad*, 240 U. S. 1. Nor is it a personal tax. Accordingly the doctrine of *mobilia personam sequuntur* has no application. It is laid directly on the income of property, and as already stated is in reality a tax on the property itself. Liability therefor presumably arises when the income passes into the hands of the person beneficially entitled to it; although of necessity the return which enables the State to ascertain the existence and extent of the tax is made at a later time. Accordingly, if a resident dies after receiving taxable income, and before the expiration of the time for filing a return, his executor or administrator must file a return on his behalf and pay the tax. St. 1916, c. 269, § 8, as amended by St. 1919, c. 136.

The tax in question was essentially one on property, and not

an excise. During the year 1917, when the income accrued, the complainant was not subject to the jurisdiction of this Commonwealth; nor was the income derived from property situated, or business carried on, in this State. See *Shaffer* v. *Carter*, 252 U. S. 37. While the taxing power of a State is coextensive with its sovereignty, the subject matter of a tax must be within the jurisdiction of the taxing State. That jurisdiction comes from the law, and is not obtained through the simple assertion of the Legislature that it exists.

Where the constitutionality of a tax law is in issue, as was said by Mr. Justice Pitney in *Shaffer* v. *Carter, supra,* "the decision must depend not upon any mere question of form, construction, or definition, but upon the practical operation and effect of the tax imposed." We realize, also, that the law as to the *situs* of income for the purposes of taxation is not yet fully developed. But in view of the construction placed by this court upon the income tax of 1916, and the fact that this Commonwealth had no jurisdiction over the person, property or business of the complainant during the year 1917, we are of opinion that the tax in question was invalid. On the facts disclosed by this record the complainant is entitled to the abatement claimed. In accordance with the terms of the report, judgment is to be entered in her favor in the sum of $840.77 with interest from February 28, 1920; and it is

*So ordered.*