SPRINGDALE FINISHING COMPANY *vs.* COMMONWEALTH.

Suffolk.   November 15, 1921. — June 28, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Tax,* Excise.   *Corporation,* Tax.

The tax imposed upon domestic corporations by St. 1919, c. 355, now G. L. c. 63, is an excise on the commodity of exercising the corporate franchise and not a tax on property or on income.

The fact that the income period established by St. 1919, c. 355, is not coincident with the assessment day respecting the corporate excess does not affect the validity of the excise.

St. 1910, c. 187, § 1, as amended by St. 1919, c. 349, § 19 (see now G. L. c. 63, § 76), is applicable to any excise tax not assessed but which rightly may be levied for any period ending with a sale, without notice to the tax commissioner, of the assets and business of a domestic corporation, although the normal time for such levy has not yet arrived.

Violation of G. L. c. 63, § 76, accelerates the time for assessment as well as for collection of the excise.

An excise tax under St. 1919, c. 355 (see now G. L. c. 63), was levied as of July 24, 1920, in respect to the doing of business during the calendar year beginning on January 1, 1920, upon a domestic corporation which on July 29, 1920, without notice to the tax commissioner, sold all of its assets and business to a Delaware corporation, in the following September held a stockholders' meeting in Massachusetts authorizing the dissolution of the corporation and caused a petition for dissolution to be filed in November, which was granted the following March. Upon a petition for an abatement, it was *held,* that

(1) The corporate activities of carrying on business to July 29, 1920, and the holding of a stockholders' meeting in September were legally subject to an excise;

(2) Under St. 1919, c. 349, § 19 (see now G. L. c. 63, § 76), the excise properly was levied as of July 24, 1920, and interest was recoverable from that date.

PETITION, filed in the Supreme Judicial Court on March 3, 1921, under G. L. c. 63, § 77, for the abatement of an excise tax of $915.49 assessed under Sts. 1919, c. 355; 1920, c. 549, upon the petitioner, a domestic corporation, and paid under protest.

The petition came on to be heard before *Crosby,* J., and was reserved by him upon the petition, answer and an agreed statement of facts, which are described in the opinion, for determination by the full court.

G. L. c. 63, §§ 30, 32, 48 and 76, provide:

"Section 30. When used in this section and sections thirty-one to fifty-two inclusive, the following terms shall have the following meanings:

"3. 'Corporate excess,' in the case of a domestic business corporation, the fair cash value of all the shares constituting the capital stock of a corporation on the first day of April when the return called for by section thirty-five is due, less the value of the following . . .

"5. 'Net income,' except as otherwise provided in sections thirty-four and thirty-nine, the net income for the taxable year as required to be returned by the corporation to the federal government under the federal revenue act of nineteen hundred and eighteen, . . .

"6. 'Taxable year,' the fiscal or calendar year for which the corporation was required to make its last return to the federal government due prior to April first of the year in which the tax is to be assessed, or, if such return was for a fractional period, a full year, including and ending with such fractional period."

"Section 32. Except as otherwise provided in sections thirty-three and thirty-four, every domestic business corporation shall pay annually, with respect to the carrying on or doing of business by it, an excise equal to the sum of the following, provided that every such corporation shall pay annually a total excise not less in amount than one twentieth of one per cent of the fair cash value of all the shares constituting its capital stock on the first day of April when the return called for by section thirty-five is due:

" (1) An amount equal to five dollars per thousand upon the value of its corporate excess.

" (2) An amount equal to two and one half per cent of that part of its net income, as defined in this chapter, which is derived from business carried on within the commonwealth."

"Section 48. Except as provided by section forty-five, the commissioner shall annually, as soon as may be after the first Monday of August, give notice to the treasurer of each corporation of the amount of any tax levied upon it under sections thirty to fifty-one, inclusive, of the date upon which such amount is payable and of the time within which the corporation may apply for a correction of the tax; but failure to receive said notice shall not affect the validity of the tax. Such taxes shall be payable to the State treasurer within thirty days after the date of said notice, but not before October twentieth. In the collection of all taxes under said sections thirty to fifty-one, inclusive, the state treasurer shall have all the remedies provided by this chapter for the collection of other taxes upon corporations."

"Section 76. The sale or transfer, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the corporation's business, of any part or the whole of the assets of a domestic business corporation shall be fraudulent and void as against the commonwealth, unless such corporation shall, at least five days before the sale or transfer, notify the commissioner of the proposed sale or transfer and of the price, terms and conditions thereof, and of the character and location of said assets. Whenever such a corporation shall make such a sale or transfer, the tax imposed by this chapter shall become due and payable at the time when the commissioner is so notified, or, if he is not so notified, at the time when he should have been notified.

"This section shall not apply to sales by receivers, assignees

under a voluntary assignment for the benefit of creditors, trustees in bankruptcy, or public officers acting under judicial process."

*S. R. Wrightington,* for the petitioner.

*E. H. Abbot, Jr.,* Assistant Attorney General, for the Commonwealth.

RUGG, C.J. This is a petition under G. L. c. 63, § 77, for the abatement of a tax alleged to have been exacted illegally. The petitioner, a corporation organized under the laws of this Commonwealth, confessedly was carrying on business within this Commonwealth up to July 29, 1920. On that date it conveyed all its assets and business to a Delaware corporation. No notice of this sale was given to the tax commissioner or any other officer of the Commonwealth before November 16, 1920. On September 21, 1920, at a stockholders' meeting held in Massachusetts, the dissolution of the petitioner as a corporation was authorized. On November 12, 1920, a petition for dissolution was filed and a decree granting it was entered on March 10, 1921. The fiscal year of the petitioner was coterminous with the calendar year. The last return of net income rendered by the petitioner to the federal government next prior to April 1, 1920, covered the period from January 1, 1919, to December 31, 1919, both inclusive. The tax here in issue was in truth measured in respect of income for the period January 1, 1920, to July 29, 1920, both inclusive, under St. 1919, c. 355, as amended by St. 1920, c. 549 (see now G. L. c. 63).

The tax is an excise and not a property tax. It is so declared in § 2 of said c. 355. There is no reason to doubt the accuracy of the name given to it by the General Court. *S. S. White Dental Manuf. Co.* v. *Commonwealth,* 212 Mass. 35, 43. It is in substance as well as in name an excise. It is imposed upon every domestic corporation "with respect to the carrying on or doing of business by it." Said c. 355 follows both in form and substance the system of raising revenue for the support of government from domestic corporations by excise rather than by property tax, which long has been established in this Commonwealth. *Eaton, Crane & Pike Co.* v. *Commonwealth,* 237 Mass. 523, 527. *Farr Alpaca Co.* v. *Commonwealth,* 212 Mass. 156, and cases there collected. *Bellows Falls Power Co.* v. *Commonwealth,* 222 Mass. 51.

This tax is a single excise measured by the sum of a percentage

on its corporate excess added to a percentage on its net income as those terms are defined in the act. § 2. Although both property and income are used as a basis for its calculation, the tax is nevertheless an excise on the commodity of exercising the corporate franchise and not a tax on property or on income. The tax here assailed was levied in respect to the doing of business during the calendar year beginning on January 1, 1920. This is the plain effect of said c. 355. That act was approved on July 24, 1919. By § 33 it went into effect on January 1, 1920. The first return under the act was required to be filed by the corporation during the first ten days of April, 1920, as of the first day of that April. § 4. The items of that return included the corporate excess as of that first day of April and the "net income for the taxable year as required to be reported by the corporation in its last prior return to the federal government." § 3. That "last prior return" was and of necessity must have been for the calendar year 1919. The next excise tax, being that here in question, was levied in respect to the doing of business during the calendar year beginning with January 1, 1920. This part of the excise is levied for a period of time that is past and not for a period in the future. The effect of the statute was to impose an excise for the commodity of carrying on business by a domestic corporation for a less period than one year in cases where such business was not carried on for an entire year. That this was the purpose of the General Court is manifest from the present phrase of the law in G. L. c. 63, § 30, cl. 6. For many years the corporate excise tax was levied upon domestic corporations with respect to their corporate excess on a day certain. *Martin L. Hall Co.* v. *Commonwealth,* 215 Mass. 326. If there was no corporate excess on that date for any reason, no excise was due even though the commodity of carrying on business had been exercised during a considerable fraction of the preceding tax year. *Commonwealth* v. *Lancaster Savings Bank,* 123 Mass. 493.

The income period established by said c. 355 is not coincident with the assessment day respecting the corporate excess. But that does not affect the validity of the excise. Income naturally imports duration of time for its measurement and property a single date for its ascertainment. *Kimball* v. *Cotting,* 229 Mass. 541.

Consideration of the history of the corporate excise tax law does not affect this conclusion. It does not lead to double taxation for the same period. It is simply the establishment of a new and different standard for measuring the excise, which looks in part to a period that is past and not alone to the corporate excess on a given date.

The petitioner enjoyed the commodity of carrying on business as usual until July 29, 1920. The holding of a stockholders' meeting in September, 1920, also was an act of carrying on business. These corporate activities are legally subject to an excise. *Old Dominion Co.* v. *Commonwealth*, 237 Mass. 269. It is not necessary to determine whether the petitioner was subject to the tax until dissolved.

The present excise rightly was levied as of July 24, 1920. It was provided by St. 1910, c. 187, § 1, as amended by St. 1919, c. 349, § 19 (see now G. L. 63, § 76), that "The sale or transfer otherwise than in the ordinary course of trade and in the regular and usual prosecution of the corporation's business, of any part or the whole of the assets of a corporation [such as the petitioner] . . ., shall be fraudulent and void as against the Commonwealth, unless such corporation shall, at least five days before the sale or transfer, notify the tax commissioner of the proposed sale or transfer. . . . Whenever such a corporation shall make such a sale or transfer, the tax . . . shall become due and payable at the time when the tax commissioner is so notified, or, if he is not so notified, at the time when he should have been notified." The petitioner became subject to the terms of this section because it sold and transferred all its assets and business on July 29, 1920, without notice to the tax commissioner. This section applies to an excise tax already laid although not due. But it applies equally to any excise tax not assessed but which rightly may be levied for any period ending with such sale, although the normal time for such levy has not yet arrived. Violation of this section accelerates the time for assessment as well as for collection. Since by the terms of this section the excise became due five days before the sale, namely, on July 24, 1920, interest was recoverable from that date.

*Petition dismissed with costs.*