IGNACE LOEVY *vs.* COMMISSIONER OF CORPORATIONS AND
TAXATION.

Suffolk.     March 30, 1923. — May 23, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Tax,* On income.

One, who did not become an inhabitant of this Commonwealth until May 16,
    1920, properly was assessed in 1921 for an income tax under St. 1916, c. 269
    (now G. L. c. 62), computed upon his income received during the entire
    year 1920, although such income as he received previous to May 16, 1920,
    was in the form of salary paid for services rendered to a Delaware corpora-
    tion with its place of business outside the Commonwealth, of dividends
    received on the capital stock of a foreign corporation and of interest on de-
    posits in a bank outside the Commonwealth.

COMPLAINT, filed in the Superior Court on January 10,
1922, under G. L. c. 62, § 47, seeking an abatement and
repayment of an income tax alleged to have been assessed
in 1921 upon income of the complainant for 1920 and paid
under protest.

There was an agreed statement of facts.   Material facts
are described in the opinion.   The case was reported by
*Weed,* J., for determination by this court upon the pleadings
and the agreed statement of facts.

The case was submitted on briefs.

*H. H. Bond & R. E. Tibbetts,* for the complainant.

*J. R. Benton,* Attorney General, & *A. Lincoln,* Assistant
Attorney General, for the respondent.

PIERCE, J.   This is a complaint and appeal from the
refusal of the defendant to abate an income tax assessed to
the complainant.   The case is reported by the presiding
justice of the Superior Court under G. L. c. 231, § 111, upon
the pleadings and an agreed statement as to all material
facts.

The complainant was an inhabitant of and domiciled in
the city of New York, State of New York, up to and includ-
ing May 16, 1920.   From January 1, 1920, until May 16,

1920, inclusive, the complainant received all his income from his employment by a Delaware corporation which had its principal place of business in New York City, such income being in the form of salary paid, and from dividends of a foreign corporation and from bank interest. During the period from May 17, 1920, to December 31, 1920, the complainant was employed by the same corporation, which had moved its place of business to Boston, Massachusetts, and in such employment while a resident of Boston, received income, which was a part of his salary of "five thousand . . . dollars per annum in monthly instalments." He also received income in the form of interest from banks located in the Commonwealth of Massachusetts, and income from investments in the form of dividends from a corporation organized outside of the Commonwealth of Massachusetts. The complainant duly made return of all income received by him during the year 1920 while a resident of New York State, and later, when a resident of Massachusetts, on this entire income received during the twelve month period from January 1, 1920, to December 31, 1920. A tax was assessed to the complainant under the provision of St. 1916, c. 269, now G. L. c. 62. The complainant duly filed an application for abatement of said tax on the ground that he was not subject to a tax by the Commonwealth of Massachusetts on his income accrued or received during the year 1920. The application was denied by the Commissioner of Corporations and Taxation on December 13, 1921. The complainant therefore paid in full the tax assessed; and within the time prescribed by G. L. c. 62, § 47, brought this complaint claiming to be aggrieved by the denial of his application for abatement.

The complainant relies upon the statement in *Hart* v. *Tax Commissioner*, 240 Mass. 37, at pages 39, 40: "It [an income tax] is laid directly on the income of property, and as already stated is in reality a tax on the property itself. Liability therefor presumably arises when the income passes into the hands of the person beneficially entitled to it; although of necessity the return which enables the State to ascertain the existence and extent of the tax is made at

a later time, . . . when the income accrued, the complainant was not subject to the jurisdiction of this Commonwealth; nor was the income derived from property situated, or business carried on, in this State;" and argues therefrom that " Inasmuch as part of the income of the complainant received during the year 1920 was outside of the jurisdiction of the Commonwealth of Massachusetts and for that reason was not subject to taxation by the Commonwealth of Massachusetts, it necessarily follows that the provisions of G. L. c. 62, do not impose a tax on any income received by the complainant during the year 1920 even though such income was in part received by the complainant while actually a resident of and domiciled in Massachusetts." The complainant further refers to all the provisions of G. L. c. 62, and argues therefrom that it is apparent from said provisions that the taxes imposed by the terms thereof apply only to those persons who were inhabitants of the Commonwealth throughout the entire preceding year.

The legal conclusion which the complainant argues should be drawn from the quoted reasoning of the opinion in *Hart* v. *Tax Commissioner, supra,* does not result from that reasoning or from the decision of the case. *Hart* v. *Tax Commissioner* had to do with a tax laid upon income derived from property, where the person to whom the income tax was assessed was not an inhabitant or domiciled in this Commonwealth and where the person or property or income from the property was not within the jurisdiction of the Commonwealth during the year with respect to which the tax was laid. In the case at bar the complainant was an inhabitant and domiciled in the Commonwealth from May 17 until December 31 of the year with respect to which the tax was assessed upon him; and during his inhabitancy he received the income from his salary and the dividends and interest from his investments which were apportioned to that period of time.

There was no jurisdictional defect in the tax complained of. The statute G. L. c. 62, § 22, requires " Every individual inhabitant of the commonwealth . . . whose annual income from all sources exceeds two thousand dollars . . .

[to] annually make a return of his entire income;" and § 24 provides that . . . "The return shall be made on or before March first in each year, and, . . . shall relate to the income received during the year ending on December thirty-first preceding." These provisions and those as to deductions are clearly intended to cover a return and an assessment of an entire income received during the entire year, the calendar year, prior to the assessment of the tax. There is nothing in the statute which gives countenance to or is authority for the levy of an assessment on income which shall not be the entire income received by an inhabitant in case such inhabitant becomes an inhabitant of the Commonwealth during the year prior to the assessment. We think the income meant by the statute must be considered as a unit, which becomes finally ascertainable and taxable on the last day of December of the year preceding the assessment, and that jurisdiction to levy the tax depends upon jurisdiction of the person and property during the taxable year. *Wilcox* v. *County Commissioners*, 103 Mass. 544, 546. *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 526. *Kimball* v. *Cotting*, 229 Mass. 541, 543. *Springdale Finishing Co.* v. *Commonwealth*, 242 Mass. 37, 41.

It results that the complaint must be dismissed.

*So ordered.*