AGNES S. KENNEDY *vs.* COMMISSIONER OF CORPORATIONS
AND TAXATION.

Middlesex.    December 8, 1925. — June 28, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Tax,* On income.    *Words,* "Inhabitant of the Commonwealth."

Income made subject to a tax by G. L. c. 62, §§ 1, 5, is that received by
persons who at the time of its receipt were inhabitants of the Com-
monwealth.

One who did not become an inhabitant of the Commonwealth until Octo-
ber, 1921, could not lawfully be taxed in 1922 under G. L. c. 62, §§ 1, 5,
upon income received before October, 1921.

A decision of this court determines only questions properly presented by
the record and also shown by the opinion to have been considered and
passed upon by the court.

COMPLAINT, filed in the Superior Court on July 12, 1923,
seeking an abatement and repayment of a portion of an
income tax assessed to the complainant in the year 1922
upon income for the year 1921.

The respondent demurred.    The demurrer was heard by
*Brown,* J., and was overruled.

The complaint was heard on the merits by *Macleod,* J.,
without a jury.    Material facts are stated in the opinion.

The complainant asked for rulings, among which were
the following:

"1. The respondent's demurrer having been overruled
by this court, the right of the complainant to recover on proof
of the facts stated in her complaint was established, and the
only question now before the court is one of fact.

"2. Considered merely as a question of statutory con-
struction, G. L. c. 62 does not impose any tax on income
received by the complainant before she became an inhabitant
of Massachusetts.

"3. Our income tax is a property tax, and Massachusetts
has no jurisdiction to impose it on income received by the
complainant in Pennsylvania before she became an inhabit-
ant of Massachusetts, derived from property not situated
in Massachusetts.

"4. A construction of the statute which makes it impose a tax on income received by the complainant in Pennsylvania before she became an inhabitant of Massachusetts, derived from property not situated in Massachusetts, conflicts with the first section of the Fourteenth Amendment to the Constitution of the United States.

"5. A construction of the statute which makes it impose a tax on income received by the complainant in Pennsylvania before she became an inhabitant of Massachusetts, derived from property not situated in Massachusetts, conflicts with art. 4, § 2, cl. 1, of the Constitution of the United States.

"6. A construction of the statute which makes it impose a tax on income received by a person in another State before such person became an inhabitant of Massachusetts, derived from property not situated in Massachusetts, might in some cases conflict with art. 1, § 8, cl. 3, of the Constitution of the United States."

The respondent asked for the following rulings:

"1. If the complainant was an inhabitant of the Commonwealth at the end of the calendar year 1921, she was liable to a tax on income received by her during the entire calendar year 1921.

"2. The Massachusetts income tax law makes no provision for an apportionment of income received during a calendar year for the purpose of assessment of an income tax on a portion of said income.

"3. The tax upon income imposed by G. L. c. 62, as amended, is a tax upon income received by any inhabitant of the Commonwealth during the entire preceding calendar year, and not upon such portion thereof as was received while the person taxed was such inhabitant.

"4. The amount of the tax assessed to the complainant upon income received by her during the calendar year 1921 was correctly computed by the respondent."

The rulings asked for by the complainant were refused and those asked for by the respondent were given. The judge found for the respondent. The complainant alleged exceptions.

*F. M. Qua,* for the complainant.

*A. Lincoln,* Assistant Attorney General, for the respondent.

RUGG, C.J.    The complainant seeks an abatement of a portion of the income tax assessed upon her for the year 1921. G. L. c. 62, § 47.   She removed from Pennsylvania to Massachusetts on October 8, 1921, never having theretofore been an inhabitant of this Commonwealth.   Early in 1922 she filed a return of her income for 1921 as required by law, whereby were shown (1) her entire income received during the calendar year 1921, and (2) the portion of her income received during the period of her being an inhabitant of this Commonwealth, namely, from October 8 to December 31. A demurrer to the complaint was overruled.   The defendant answered and the case was heard on its merits, the only evidence being the deposition of the complainant.   Several requests for rulings by the complainant were denied, those by the respondent were granted, and a finding was entered for the respondent.   The case is before us on exceptions to these rulings and refusals to rule.   The single question for decision is, whether the complainant, having become an inhabitant of this Commonwealth during the year 1921 and remaining such inhabitant after the first of the following January, was taxable for all the income received by her during the year 1921, even though received in large part in a foreign State from property in no part located in this Commonwealth during time before she had become an inhabitant of this Commonwealth.

The income tax law, G. L. c. 62, establishes a property and not an excise tax.   *Hart* v. *Tax Commissioner,* 240 Mass. 37. There is an explicit description in § 25 of those persons made subject to the tax, expressed in these words:  "Every individual who is an inhabitant of the Commonwealth at any time between January first and June thirtieth, both inclusive, in any year, . . . [with other persons not here material] . . . shall be subject to the taxes imposed by this chapter . . . ."

Provisions are found in other sections defining the income which is subject to taxation.   It is said in § 1, "Income of the classes described in subsections (a), (b), (c) and (e) re-

ceived by any inhabitant of the Commonwealth during the preceding calendar year, shall be taxed . . . ." In § 5 are these words: "Income of the following classes received by any inhabitant of the Commonwealth during the preceding calendar year shall be taxed . . . ." By § 11, "If an inhabitant of the Commonwealth receives income from one or more trustees, none of whom is an inhabitant of the Commonwealth or has derived his appointment from a court of the Commonwealth, such income shall be subject to the taxes imposed by this chapter, according to the nature of the income received by the trustees." The words "inhabitant of the Commonwealth" are used in these three sections as descriptive of the income made subject to the tax. This is manifestly their sense in § 11. The income there described plainly must be received by one at the time an inhabitant of the Commonwealth and cannot be otherwise included within the sweep of the tax law. By analogy the Legislature would naturally make the same provision respecting other kinds of income described in §§ 1 and 5 and made subject to the tax. The use in the context of those two sections dealing with the same matter, namely, income subject to the tax, of the same words, "inhabitant of the Commonwealth," indicates that they there carry the same signification. Other considerations reënforce this view. The words hardly would be here employed as descriptive of the persons subject to the tax because that matter is dealt with comprehensively by the separate § 25. They would be here inapt and contradictory as descriptive of the persons subject to the tax because in conflict with § 25, which restricts such persons to those inhabitants of the Commonwealth only during the first six months of the year when the tax is assessed, while the words in §§ 1 and 5 are not so restricted. It is a general canon of statutory construction not to treat any of the words of a statute as superfluous or unnecessary but to give to all its words some meaning, so that, so far as possible, it shall be a consistent and harmonious whole. The only way to accomplish that result is to regard the words "inhabitant of the Commonwealth" in §§ 1 and 5 as descriptive of the income made subject to the tax and not of the persons liable

to pay such tax. Thus the income made subject to the tax by §§ 1 and 5 is that received by persons at the time of receipt inhabitants of the Commonwealth. This construction puts the income described in § 11 and that described in § 1 and in § 5 on the same footing. This accords with what normally would be expected. It is difficult to perceive any reason for putting the income made taxable under § 11 upon a different basis from those classes of income made taxable under §§ 1 and 5. Other provisions of the statute by this interpretation do not present obstacles to the practical operation of the statute as an entirety.

This construction avoids highly difficult constitutional questions which would be encountered if the sections were interpreted to subject a person removing to the Commonwealth in the latter part of any year to taxation on income received in a foreign jurisdiction while an inhabitant thereof, and thus at a time when such person derived no protection from our laws and owed them no duty. These constitutional objections have been strongly urged at the bar but need not be discussed nor decided in view of the interpretation placed on the statute. This is in accord with the principle frequently declared by the United States Supreme Court that " 'a statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score.' *United States* v. *Jin Fuey Moy*, 241 U. S. 394, 401; *United States* v. *Delaware & Hudson Co.*, 213 U. S. 366, 407-408; *Baender* v. *Barnett*, 255 U. S. 224." *Panama Railroad* v. *Johnson*, 264 U. S. 375, 390. *Lewellyn* v. *Frick*, 268 U. S. 238, 251.

This result is in conformity to the principle established by *Hart* v. *Tax Commissioner*, *supra*, where it was held that the income of an inhabitant of the Commonwealth satisfying the descriptive words of § 25 was not taxable if he was not such inhabitant during any part of the preceding year.

There is nothing inconsistent with this conclusion in the point argued and decided in *Loevy* v. *Commissioner of Corporations & Taxation*, 245 Mass. 174. The question here presented was not argued by that complainant. He framed his complaint and argued his case on the theory that because

he was not an inhabitant of the Commonwealth during the whole of the preceding year he was not liable to any tax, relying upon the principle of the Hart case. That contention was held unsound. The actual decision in that case goes no further. No constitutional objections were there urged in argument against the statute or considered by the court. If anything there said goes beyond the actual question decided, it must be taken as now restricted and narrowed. That case does not stand for anything beyond the proposition actually presented, argued and considered. *Cawley* v. *Northern Waste Co.* 239 Mass. 540, 544 and cases there collected. *Webster* v. *Fall*, 266 U. S. 507, 511.

The demurrer was overruled rightly. The complainant's second request for ruling was sound in law and ought to have been granted, and the several requests of the respondent ought to have been denied.

*Exceptions sustained.*