In the Matter of F. A. **WHITNEY CARRIAGE COMPANY.**

No. 350–52.

United States District Court
D. Massachusetts.

Nov. 30, 1953.

Joseph Kruger, Phipps, Durgin & Cook, Cohn, Riemer & Pollack, Boston, Mass., for trustees.

Richard L. Brickley, Brickley, Sears & Cole, Boston, Mass., for bankrupt.

Henry Alpern, Boston, Mass., for Edward M. Fels.

SWEENEY, Chief Judge.

This bankruptcy case comes before me on the certificate of the Referee calling for a review of his decision.

The real question presented is whether a Trustee in Bankruptcy can defeat the right of a mortgagee to recover under his mortgage merely because of failure to comply with the Massachusetts General Laws (Ter.Ed.), Chapter 63, Section 76. The other subsidiary questions are whether or not interest, if allowed, should be limited to the 6% provided under the General Laws, (Ter.Ed.) Chapter 107, Section 3, and whether or not the mortgagee is entitled to be reimbursed for counsel fees.

The facts as found by the Referee disclose that the bankrupt corporation borrowed Fifty Thousand Dollars on February 15, 1952, and executed a note in the amount of Fifty-Three Thousand Dollars without interest, which was secured by a chattel mortgage. The note was for three months and the mortgage specified no interest. The mortgage itself states that the loan is made without interest, but the Referee found that interest was paid at the rate of 2% per month up until May 15, 1952. However, this was pursuant to an oral agreement and he found that it was insufficient under the Massachusetts statutes. The Referee found that the mortgage was executed in the ordinary course of trade and the regular and usual prosecution of

the corporation's business. There is ample evidence to support this finding and the fact that the bankrupt concern had not executed a chattel mortgage for a great many years prior, or ever, does not remove it from the class of a loan being made in the usual course of trade. The Trustee seeks to set aside the mortgage on the basis of Massachusetts General Laws, Chapter 63, Section 76, which reads as follows:

"The sale or transfer, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the corporation's business, of any part or the whole of the assets of a domestic business corporation, or of any part or the whole of the assets situated in the commonwealth of a foreign business corporation, shall be fraudulent and void as against the commonwealth, unless such corporation shall, at least five days before the sale or transfer, notify the commissioner of the proposed sale or transfer and of the price, terms and conditions thereof, and of the character and location of said assets. Whenever such a corporation shall make such a sale or transfer, the tax imposed by this chapter shall become due and payable at the time when the commissioner is so notified, or, if he is not so notified, at the time when he should have been notified.

"This section shall not apply to sales by receivers, assignees under a voluntary assignment for the benefit of creditors, trustees in bankruptcy, or public officers acting under judicial process."

██ Having satisfied himself that this mortgage comes within the meaning of the words "sale or transfer" as used in Section 76, he then claims that under Section 70, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e, which reads as follows

"(1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor".

that the mortgage is null and void and hence the Trustee is entitled to the money reserved to pay the mortgage in the sum of Forty Thousand Seven Hundred Fifty Dollars. There can be found no Massachusetts cases on the question of whether a security transfer is within the meaning of General Laws, Chapter 63, Section 76. Because the purpose of the statute was virtually to give the Commissioner of Corporations and Taxation a lien on property that was transferred without the proper notice, it could hardly have been intended to cover security transactions. While it is true that the Act was intended to correct an abuse whereby assets were shifted from one corporation to another in such a complete and definite manner as never to be recoverable, either by the transferor or the Tax Commission, it could hardly have been intended to cover a situation where the physical assets remained still in the hands of the transferor. I therefore conclude that Massachusetts General Laws, Chapter 63, Section 76, does not apply to a security transaction such as the mortgage here involved, but that it does create a lien in favor of the Commonwealth of Massachusetts where the proper notice is not filed. Even if it could be held that the Massachusetts statutes covered a mortgage transaction I still do not feel that the Trustee could succeed to the rights of the Commonwealth of Massachusetts where that right was granted only to the Commonwealth. To give it the effect that the Trustee seeks would do great harm to our economic system. It is not enough to say that the language of both Acts is clear and unambiguous and that the Court should not attempt to legislate, but should merely apply the laws as found. This is true of course, but the

712

Court should take a realistic view of the purposes intended to be accomplished by both the Massachusetts Laws and the Bankruptcy Act and should apply common sense in reaching its decision.

I conclude and rule that the mortgage was within the ordinary course of trade and in the regular and usual prosecution of the corporation's business which takes it out from the Massachusetts Statute.

I can find no error in the refusal of the Referee to award more than the 6% interest under Massachusetts General Laws, Chapter 107, Section 3, nor in his failure to reimburse the mortgagee for his counsel fees and expenses.

An order may be prepared affirming the order of the Referee.