**REED ROLLED THREAD DIE CO.**
vs.
**DEPARTMENT OF REVENUE**
**(formerly State Tax Commission)**

No. 92786

Appellate Tax Board
Trial Court of the
Commonwealth of Massachusetts

**January 18, 1982**

**Barry Pomrantz, Esq.**, counsel for appellant.

**William E. Halmkin, Esq.**, counsel for appellee.

This is an appeal under the formal procedure pursuant to Massachusetts General Laws, c. 63, § 71, now c. 62C, § 39(c), from the refusal of the Department of Revenue to abate a corporate excise tax for the period from August 1, 1972 to December 31, 1972.

These findings of fact and report are made pursuant to a request by the appellee under G.L.c. 58A, 8 13, as amended, and Rule 32 of the Rules of Practice and Procedure of the Appellate Tax Board.

### FINDINGS OF FACT AND REPORT

The parties filed a stipulation of facts in the hearing on April 13, 1978, all of which are specifically found by the board. The following is a summary of the stipulation:

The appellant, formerly a Massachusetts domestic business corporation, is now a 100%-owned subsidiary of Litton Industrial Products, Inc., a Delaware corporation. The appellant is engaged in the business of manufacturing and selling thread rolling machines and dies at 791 Main Street, Holden, and has been at the same location since 1953.

At the close of business on December 31, 1972, the appellant was merged into its parent, Litton Industrial Products, Inc. pursuant to G.L.c. 156B, § 79 and Section 368(a)(1)(F) of the I.R.C., Commonly called a change in identity, form

or place of organization. After the merger, the appellant remained at the same location with all of the same equipment and performed the same business as before. Its assets were combined with and reported on the corporation return of Litton Industrial Products, Inc. for its fiscal year ending July 29, 1973.

The appellant mistakenly believed that it had to file a Mass. Corporation Excise Return for its short taxable year (July 31, 1972 - December 31, 1972). It sought and was granted extensions, up through and including September 15, 1973. Estimated tax payments of $83,000 and $17,000 were made on January 25, 1973 and March 19, 1973, respectively.

The appellant filed its final Massachusetts Corporate Return on September 14, 1973, showing a tax liability of $87,013.00. Mathematically, the appellant initially sought a $12,987.00 refund as an overpayment. But by application for abatement, dated October 13, 1976 and received by the appellee on October 22, 1976, the figure sought to be abated was $9,817.00. The reason for seeking the abatement was that no return was allegedly due for the short taxable year because all of the information regarding the appellant was included in the full year return of Litton Industrial Products, Inc.

On May 13, 1977, the appellee denied the application for abatement and a petition was filed with the board on May 13, 1977. Based on these facts, the board finds that it has jurisdiction over this matter.

Insofar as it is a question of fact, the board finds that no tax return for the short taxable year was required to be filed. And further insofar as it is a question of fact, the application for abatement was properly filed to accord this board jurisdiction. Therefore, based on all of the evidence, exhibits, and the foregoing general and subsidiary findings of fact, the board rendered its decision for the appellant.

## OPINION

There were two general issues presented in this appeal:

(1) What is the applicability of G.L.c. 63, § 76 to a merger of a subsidiary into a parent?

(2) Was the application for abatement timely filed?

Massachusetts General Laws c. 63, § 76, reads in part as follows:

"At least five days prior to the **sale or transfer, otherwise than in the ordinary course of business,** of all or substantially all of the assets situated on the commonwealth of a domestic or foreign business corporation..., the corporation or any person in interest shall file a return notifying the commissioner in writing of the proposed sale or transfer, and of the price, terms and conditions thereof, and of the character and location of the assets and cause to be filed with the commissioner all such tax returns as may be necessary to determine the taxes due and to become due and payable under this chapter to the commonwealth to and including the date of such sale or transfer, and shall pay to the commonwealth all such taxes owing to said date of sale or transfer. At the time of any such sale or transfer..., the tax imposed by this chapter shall thereupon become due and payable. In the event of a failure to notify the commissioner and so to file such return or returns and pay such taxes at or before the time of such sale or transfer, the commonwealth shall have for its exclusive benefit a lien upon all of the assets of the corporation in the commonwealth effective immediately prior to such sale or transfer to the extent necessary to satisfy said taxes..." (Emphasis added).

It has long been held that the purpose of this section was to give the appellee a lien on property transferred without proper notice and to prevent assets from

shifting from one corporation to another in such a manner as to never be recoverable by the transferor or the appellee. In re **F.A. Whitney Carriage Co.**, 173 F.Supp. 709 (1959). The statute further concerns itself with the imposition of a tax for a period of less than one year where the corporation does not carry on business for the entire year. **Springdale Finishing Co. v. Commonwealth**, 242 Mass. 37 (1922).

In addition, I.R.C. 368 (a)(1)(F), the applicable federal Code section, refers to a "reorganization" as "a mere change in identity, **form** or place of organization, however effected" (emphasis added). In the instant matter, the appellant merely changed form, from a Massachusetts corporation to a 100%-owned subsidiary of a Delaware corporation. The appellant remained in business, ostensibly with the same equipment and personnel, and at the same address it had been located at since 1953.

Such actions as this particular merger do not fall within the purview of G.L.c. 63, § 76, because there has been no "sale of transfer" as required by the statute. A "merger" was not intended to be included within the realm of a "sale or transfer". (See Webster's International Dictionary, 2nd Edition, Unabridged p. 1539, wherein there is no mention of "sale or transfer" within the meaning of "merger".)

Additionally, the purpose of the statute is to insure that taxes are paid. In this matter, appellant's corporate excise taxes for the period of July 31, 1972 through December 31, 1972 were included in the return filed by Litton Industrial Products, Inc. for its fiscal year ending July 29, 1973. Consequently, appellant was responsible and did pay a corporate excise tax for that fiscal year.

Massachusetts General Laws, c. 63, § 51 reads in part as follows:

"If the tax shown on the return filed by any corporation pursuant to section thirty-five...is believed by it to be excessive, such corporation may apply to the commission for abatement thereof at any time within three years from the last day for filing such return, determined without regard to any extension of time, or within one year from the date that the tax was paid, whichever is later."

The board rules that this section is not applicable on this set of facts. The return was filed in error and equity would demand that any sums paid in taxes should be returned. No state return was required to be filed because no federal return was required to be filed by the appellant. Reference is made to G.L.c. 63, § 30(6) wherein "taxable year" is defined as "any fiscal or calendar period for which the corporation is required to make a return to the federal government". The evidence presented was that no federal return was required.

Having ruled that no federal return was required to be filed, the disposition of the second issue must logically follow and be answered in the affirmative. Since no return was required to be filed, the statute of limitations for filing an application for abatement was not applicable and never started to run.

In a similar situation, **Leonardi v. State Tax Commission,** 355 Mass. 454 at 459 (1969), the Court stated; "Leonardi's failure to pursue his only legal right to require an abatement does not mean that the Commonwealth must collect a tax that was never due...The policy that taxing statutes must be strictly enforced and that citizens be diligent to protect their right thereunder does not require exaction, as though they were taxes due, of assessments made without any basis in fact or in any construction of the law."

Our decision for the appellant was entered October 7, 1980.

APPELLATE TAX BOARD

**By John P. Mulvihill, Chairman**

A True Copy
Attest: **Richard B. Willis**
**Clerk of the Board**