JOHN C. LEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. JEANNE LEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5984, 5985. Promulgated April 25, 1927.

Where income is earned from sources without the United States by a nonresident alien, such income does not become taxable although such alien, prior to the close of the taxable year, changes his status to that of a resident alien.

*George S. Atkinson, Esq.,* for the petitioners.
*S. S. Faulkner, Esq.,* for the respondent.

The deficiencies in controversy herein are income taxes for 1922 in the amount of $114.87 for John C. Lee and $87.82 for Mrs. Jeanne Lee. The two appeals arise from the same state of facts and were consolidated for hearing and decision. They raise the question whether an alien is to be taxed upon income earned from sources without the United States while a nonresident.

### FINDINGS OF FACT.

The petitioners are and were, during the taxable period involved, husband and wife. During the taxable year involved the petitioners were citizens of Great Britain and prior to July 31 of that year

were residing in England. From January 1, 1922, to May 31, 1922, the petitioner, John C. Lee, was employed by an American firm as its European representative and received in that year for services performed wholly without the United States $2,076.25 of salary and $1,135.50 in commissions. On July 31, 1922, the petitioners came to the United States and established their residence in Dallas, Tex.

During the taxable year and while a resident of Dallas Tex., petitioner, John C. Lee, was paid a salary of $2,600 for services rendered in the United States and realized gains of $881.33 from trading in cotton.

During 1922 the petitioner, John C. Lee, paid an income tax to Great Britain of $266.02, which was claimed as a credit against the amount of tax shown on the returns. On December 31, 1922, the petitioners had two children under the age of eighteen years.

In March, 1923, the petitioners filed separate individual income-tax returns with the Collector of Internal Revenue at Dallas, Tex., dividing their income between them. No income taxes for 1922 have been assessed against or paid by either of the petitioners.

### OPINION.

PHILLIPS: It is the contention of the petitioners that the salary and commissions earned by the petitioner, John C. Lee, for services performed wholly without the United States while he was a non-resident alien are not subject to tax. The Commissioner, on the other hand, contends that since the petitioners were resident aliens on the last day of the taxable year they must include such amount in their income. The Commissioner has filed no brief advising us why he believes his contention to be well founded and the examination we have made of the law discloses nothing to justify the position taken by him.

The Revenue Act of 1921 in section 212(a) provides that in the case of an individual the term "net income" means the gross income as defined in section 213, less the deductions allowed by section 214. Section 213(c) provides as follows:

In the case of a nonresident alien individual, gross income means only the gross income from sources within the United States, determined under the provisions of section 217.

There is no question that at the time the amounts in question became income, the petitioners were nonresident alien individuals and as such were exempt from any tax upon this amount. There is nothing in the law providing that if they became resident aliens, such income shall become subject to tax. It is a familiar rule of statutory construction that taxing statutes should not be extended beyond their clear import.

It might be pointed out that if the position of the Commissioner is correct and the tax liability is to be determined by reason of the status at the close of the year, one who has been a resident alien, and as such subject to tax on income from all sources, could escape liability on income from sources outside the United States by becoming a nonresident prior to the close of the taxable year. This construction, however, would be in contravention of section 250 (g) of the Revenue Act of 1921, providing for the termination of the taxable year by the Commissioner in the event that a taxpayer intends to depart from the United States.

Counsel for the petitioners points out in his brief that section 216 (f) of the Revenue Act of 1921 provides as follows:

The credits allowed by subdivisions (c), (d), and (e) of this section shall be determined by the status of the taxpayer on the last day of the period for which the return of income is made * * *.

This appears to be the only provision of the statute providing that the status of the taxpayer on the last day of the taxable period is to govern in computing tax. The subdivisions enumerated do not cover the case of a nonresident alien who becomes a resident alien. *Expressio unius est exclusio alterius.*

Reading the statute as a whole we are of the opinion that income received by a nonresident alien from sources without the United States is not taxable even though such person may become a resident alien subsequent to its receipt and prior to the close of the taxable year.

The deficiencies are redetermined to be $3.63 as to each of the petitioners.

*Decision will be entered accordingly.*