## Petroleum Exploration, Incorporated v. Superior Oil Corporation.

(Decided January 31, 1930.)

E. C. O'REAR and ALLEN PREWITT for appellant.

JOUETT & METCALF for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

This is an action brought in the Franklin circuit court under the act of March 23, 1922, page 235 of the published acts of that year, commonly known as the Declaratory Judgment Statute, and is now section 639a-1 to and including section 639a-12 of our present Civil Code of Practice. The appellee, Superior Oil Cor-

poration, was the plaintiff below, and the appellant, Petroleum Exploration, Inc., was the defendant below, and both litigants are foreign corporations. As stated in the pleadings, they are "engaged in conducting a general oil and gas business, buying, selling and developing oil and gas property and producing and selling oil and gas and their by-products." Each of them owned leases, real estate, and other property necessary for conducting their business operations located and situated in other states and outside of Kentucky, amounting in aggregate value to more than $1,000,000, and plaintiff owns similar property within this commonwealth of the aggregate value of $30,000, and it contemplates continuing its business and entertains no intention or purpose to dissolve or in any wise cease or impair its business operations in which its charter authorized it to engage and which it is now and has heretofore been transacting.

Plaintiff contracted with defendant to sell to it all of such property held and owned by it in Kentucky for the agreed consideration of $30,000, the value thereof as above stated, but defendant, entertaining doubts as to whether the sale would be valid under the provisions of section 883b-3 of the 1922 edition of Carroll's Kentucky Statutes without the obtention of the consent of three-fourths of plaintiff's stockholders in the manner pointed out in that section, filed this declaratory judgment action in the Franklin circuit court to obtain a determination of that question. The learned judge of the trial court interpreted the section of the statute referred to and the two immediately preceding ones (883b-1 and 883b-2) as requiring the consent of three-fourths of the stockholders of the selling corporation *only* when it was making disposition of *all* of its property with a contemplation of dissolution and ceasing to perform the purposes for which it was incorporated. It was, therefore, adjudged that the negotiated sale by defendant of only its Kentucky property could be legally consummated without procuring the consent of any of plaintiff's stockholders; and, questioning the correctness of that interpretation, defendant prosecutes this appeal.

Section 883b-1 says: "Any corporation now or hereafter organized under the laws of this state or of any other state or territory of the United States shall have power to sell and convey all of its property, rights, privileges, franchises, easements, rights of way, and all other property, and property rights it may use or possess."

The next one (883b-2) authorizes the purchasing corporation to purchase the property mentioned in section 883b-1 from the seller. The pertinent part of section 883b-3 says: "No such sale shall be valid unless consented to by the holders of not less than three-fourths (¾) of the capital stock of the vendor corporation, which consent shall be given either in writing or by vote at a special meeting of the said stockholders called for that purpose upon the same notice as that required for the annual meetings of the corporation, which notice shall clearly state the purpose for which the meeting is called."

It is the contention of learned counsel for defendant that the phrase in section 883b-1, "all of its property," should be interpreted as if it read "all of its property in Kentucky;" and that whenever such sale is made the required consent of three-fourths of the stockholders of the selling corporation, as prescribed by section 883b-3, should be obtained in order to make the sale valid, regardless of the amount or the value of the property sold in Kentucky, and notwithstanding it may own a vast amount of property located outside of Kentucky, and that it intended to continue the prosecution of its corporate activities.

On the other hand, it is contended with equal vigor by learned counsel for plaintiff that, if the interpretation contended for by defendant was and is the correct one, then the literal terms of the statute are broad enough to operate upon, regulate, and restrain the sale of property located in other jurisdictions, which would exceed the power and authority of the Legislature to regulate; and, to confine the interpretation within the power and authority of the Legislature to prescribe, the statute should be construed to mean that, whenever a corporation, either foreign or domestic, owning property in this and other jurisdictions attempts to sell all of its property, wheresoever located and situated, and to cease the performance of its corporate business, it may not do so as to the property located in Kentucky without obtaining the consent required by the last of three sections, i. e., of three-fourths of its stockholders in the manner pointed out therein, and which interpretation was the one adopted by the trial court and we think properly so.

It is a universal rule that the interpretation of statutes should be such as to confine their operation and effect within the power and authority of the Legislature

that enacted them, and if the language employed is capable of two interpretations, one applicable to some matters beyond the authority of the lawmaking body to legislate upon, and the other within such power and authority, the latter should be adopted. That rule is so sensible and reasonable as to commend itself to all courts, and which they adopt and apply without exception. Another rule for the interpretation of statutes is that, if the appliation of one interpretation would lead to ludicrous or impractical consequences and render the performance of the requirements of the statute expensive, if not impossible, it should not be adopted, if another interpretation is equally warranted by the language of the statute, and which is not followed by such consequences in its application.

If the interpretation contended for by defendant should be adopted, then a corporation owning property outside of Kentucky worth many millions of dollars could not sell all of its holdings in Kentucky without obtaining the consent of three-fourths of its stockholders, though it continued as a going concern and its property in Kentucky might be of comparatively nominal value, and which is illustrated by the facts of this case, and would be completely illustrative if plaintiff's Kentucky holdings were of the aggregate value of but a hundred or so dollars, in which case the expense of obtaining the statutory consent would be as much as, or more than, the value of the Kentucky property proposed to be sold. In this case it appears of record that there are many thousands of stockholders in the corporate plaintiff who are scattered throughout the United States and many of whom it would be difficult to locate.

The evident purpose of the statute was to protect the stockholders of the selling corporation, in so far as the Legislature had the right to do, when the corporation proposed to sell *all* of its assets with the purpose of dissolution, by requiring that such proportion of its property or assets, located in Kentucky, should not be sold without procuring the required consent of three-fourths of its stockholders; and it was not intended to require such consent when the selling corporation would thereafter continue to function in other jurisdictions where it owned the great bulk of its property, the sale of which the Legislature possessed no power or authority to regulate. In such case the stockholders would need no protecting regulation of the sale of the Kentucky assets, but

which might be true if the entire assets of the corporation, wheresoever located, were attempted to be and were sold.

We, therefore, conclude that the judgment was proper, and it is affirmed.