# Martin, Commissioner of Revenue, et al. v. Gage.

Dec. 15, 1939.

Hubert Meredith, Attorney General, and Robert E. Hatton for appellants.

Allen & Clarke and Oldham Clarke for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The essential facts out of which this litigation arose were thus stipulated between the parties at the hearing before the State Tax Commission in a proceeding to review a deficiency assessment of income taxes made by the Department of Revenue:

"1. That continuously since October 15, 1937, the petitioner, Ethel Allen Gage, has been a citizen and resident of Louisville, Kentucky; and that continuously for many years next before October 15, 1937, the petitioner was a citizen and resident of Braintree, Massachusetts.

"2. That on or about April 1, 1938, the petition-

er filed with the Department of Revenue of Kentucky her income tax return for the calendar year 1937; that she reported on said return all income received after acquiring domicile in Kentucky, or from October 15, 1937, through December 31, 1937; and that she paid to said Department of Revenue the sum of $60.56, tax shown to be due by said return.

"3. That on or about October 15, 1937, the petitioner filed with the Department of Taxation of the Commonwealth of Massachusetts an income tax return reporting thereon all income received from January 1, 1937, to October 15, 1937, and that petitioner paid to the Commonwealth of Massachusetts the sum of $2,048.36, which was the amount shown to be due by said return.

"4. That the Department of Revenue of Kentucky has made a deficiency assessment against the petitioner for additional income tax for the calendar year 1937 in the amount of $1,342.25 and interest thereon from April 15, 1938, until paid. The additional assessment made by the Department of Revenue is predicated upon the theory that Mrs. Gage became a resident of Kentucky by reason of having acquired a domicile in Kentucky prior to the last day of the taxable year, under provisions of Kentucky Statutes, Section 4281b-1, subsection g. The Department contends that Mrs. Gage's entire net income became subject to the tax, which net income was $30,856.13. The Kentucky income tax thereon would be $1,402.81, subject to a credit of $60.56, leaving a balance claimed to be due of $1,342.25, with interest at the rate of 6% per annum from April 15, 1938, until paid."

Following an adverse ruling by the Commissioner, the appellee filed a petition in the Franklin Circuit Court asking that the decision of the Commissioner be reversed and that the Commissioner and the Board be enjoined from collecting from her any additional income tax for the calendar year 1937. A demurrer was filed and overruled, and upon the defendants declining to plead further, the Court entered a judgment granting the relief sought, from which this appeal is prosecuted.

Accordingly, the record presents for our determination the question whether a person residing in Kentucky on the last day of a taxable year is liable to that state

for income taxes computed on income derived from sources outside of Kentucky prior to the date on which such person became a resident of Kentucky.

The provisions of the Kentucky Income Tax Law primarily to be considered in the determination of this question are as follows:

"4281b-1. Definitions. \* \* \* (g) The word 'resident' applies only to natural persons and includes, for the purpose of determining liability to the taxes imposed by this Act upon the income of any taxable year, every person domiciled in this State on the last day of the taxable year \* \* \*"

"4281b-14. Imposition of tax.—(1) A tax is hereby annually levied for each taxable year upon every resident individual of this State upon his entire net income as herein defined for purposes of taxation (subject to exemptions provided in Section 13) at the following rates: \* \* \*

"(2) A like tax is hereby annually levied for each taxable year at the rate specified in this section upon and with respect to the entire net income (except as herein provided) from all tangible property and such intangible property as has acquired a business situs owned and from business, trade, profession, or occupation carried on in this State by natural persons not residents of this State. But a non-resident individual receiving income from labor performed, business done, or tangible property and such intangible property as has acquired a business situs located in this State, and income from labor performed, business done or property located outside of this State, shall be taxable only upon the amount of income received by such taxpayer from labor performed, business done, or tangible property and such intangible property as has acquired a business situs located within this State. The remainder of the income received by him shall be deemed non-taxable by this State."

Counsel for appellants argue that Section 4281b 1(g), by its plain and unmistakable import, compels the assessment of the tax for the full calendar year against everyone who was a resident of the State on December 31st, irrespective of when such person became a resident, and that since this Court in the case of Reynolds Metal Company et al. v. Martin et al., 269 Ky. 378, 107

S. W. (2d) 251, held that an income tax is not a tax on property but upon the taxpayer measured by his income, the State, having jurisdiction of the taxpayer on the assessment date, is at liberty to apply any measure it may choose in determining the amount of the tax to be exacted. Assuming that an income tax is purely a tax levied against the individual, and hence, not subject to the requirements of the Constitution of Kentucky that taxes on property must be uniform, and that if the State has jurisdiction over the person of an individual on a given date it may exact from him a tax measured by any standard which it may elect to adopt, nevertheless, the State's power in this respect should still be limited by the principle of reasonable classification, and no individual should be singled out and compelled to pay a tax, irrespective of its nature, in an amount other than that exacted from other individuals of the same class. Even though an income tax must be computed upon a percentage basis and these percentages may be increased as the amount of the income increases, nevertheless, each individual should be required to pay the same amount of tax upon the same amount of net income after each has received the same credit for the exemptions accorded him. To what class, may we ask, could the appellee be allocated? A person having the same net income as appellee and residing in Massachusetts, or in a state having an income tax law identical with that of Massachusetts, who became a resident of Kentucky on December 15, 1937, would, if appellants are correct in their contention, pay a much larger income tax than appellee was required to pay; and conversely, such a person becoming a resident of the state on June 15th, would pay a much smaller income tax. True, each would pay the same amount to the State of Kentucky, but a shocking example of inequality not based upon classification would be thus afforded. In the Reynolds Metal Company case, supra, this Court said [269 Ky. 378, 107 S. W. (2d) 258]:

> "He [the taxpayer] is required to pay this tax because he is domiciled or doing business in the state, and so enjoys the protection of government, the right to earn a living, to receive, keep, and expend income, and to be safe in his property and pursuit of happiness."

Yet, carrying appellants' argument to its logical conclusion, a resident who had received the protection

of Kentucky's laws for one day would be required to pay that state an income tax equivalent in amount to that which he would have been required to pay had he enjoyed the benefits of citizenship in this State for an entire year, and this, notwithstanding the fact that the taxpayer who had been a resident for only one day had been required to pay a tax in approximately the same amount to the state from which he had moved his residence.

Counsel for appellee contend that a state may not constitutionally tax a resident upon income received from sources outside the state before becoming a resident of the state, and that the Statutes of Kentucky do not require the imposition of such a tax. In support of their argument that the State is without power to tax appellee upon income derived from sources outside the State prior to the date on which she became a resident of the State, counsel for appellee cite numerous decisions of the Supreme Court of the United States involving the limitations imposed by the Fourteenth Amendment, U. S. C. A. Constitution, upon the power of the states to tax tangible and intangible property located and having a taxable situs elsewhere. Some of these opinions deal directly with the question of income taxes, but none presents the exact question presented in the case at bar. In addition, counsel cite the cases of Hart v. Tax Commission, 240 Mass. 37, 132 N. E. 621; Kennedy v. Commissioner, 256 Mass. 426, 152 N. E. 747; Greene v. Wisconsin Tax Commission, 221 Wis. 531, 266 N. W. 270, which hold that a state is without constitutional authority and prohibited by the Fourteenth Amendment from taxing a resident upon income received from sources outside the state before becoming a resident of the state. In the case of Newport Company et al. v. Wisconsin Tax Commission, 219 Wis. 293, 261 N. W. 884, 100 A. L. R. 1204, certiorari denied 297 U. S. 720, 56 S. Ct. 598, 80 L. Ed. 1004, also cited by appellee, will be found an able statement of the constitutional objections to a state taxing a nonresident corporation upon the receipt of income from intangibles.

In Corpus Juris, Volume 61, page 1651, the rule based on the decisions in the cases of Kennedy v. Commissioner, supra, and Hart v. Tax Commissioner, supra, is thus stated:

"It is competent for a state to impose a tax upon the income of a resident thereof, or a domestic

corporation, whether such income be derived from sources within or without the state, except that it cannot tax a resident upon income received by him from sources outside the state at a time when he was not a resident thereof; and a state may, without violating the federal Constitution, impose a tax upon the incomes of non-residents arising from property owned or a business, profession, trade, or occupation carried on within the state. The power of a state to tax incomes is limited, however, in the case of non-residents, to incomes so derived from property or business within the state, and an attempt to tax the income of a non-resident derived from sources outside the state is unconstitutional and void.''

Not without interest, and pertinent because of the provisions of Kentucky Statute, 4281b-23, making it the duty of the Department to apply as far as practicable the administrative and judicial interpretations of the Federal Income Tax Law, is the decision of the Board of Tax Appeals in the case of Lee v. Commissioner, 6 B. T. A. 1005, holding that income received by a non-resident alien from sources without the United States is not taxable even though such person may become a resident alien subsequent to its receipt and prior to the close of the taxable year, thereby overruling the Treasury Department's contention that the tax liability was to be determined by the status on the last day of the year.

Appellant's counsel contend that the Massachusetts and Wisconsin cases referred to in this opinion are not applicable because the courts of these states regard and speak of an income tax as a property tax, whereas, in the case of Reynolds Metal Company v. Martin et al., supra, this Court held that an income tax is a tax, not upon property, but a tax levied upon the individual; but, as we interpret the Reynolds Metal Company case, the true intent of its holding was that an income tax was not a property tax within the meaning of the provisions of Sections 171 and 172 of the Kentucky Constitution requiring such tax to be uniform. No more difficult problem, has confronted those who enjoy speculating upon such subjects than the problem of defining with exactness the true nature of an income tax, and it has been the subject of several articles in our leading law magazines; and, although this Court did say in the Reynolds Metal Company case that an income tax was not a

tax upon property but a tax levied upon the individual, it also said:

"An income tax is not a tax on property, but partakes of the nature of an excise, although it is not necessary to call it an excise tax. *Nomenclature is of but little importance.* The nature of the tax is all important. As we have seen it is simply the exercise of the right of a state to call upon those domiciled, and doing business there, for a contribution to carry on the expenses of government in proportion to their ability to pay; which in turn is measured by their income. This is in no sense a property tax." (Italics ours).

In the same opinion the Court quoted with approval the following from the opinion of Mr. Justice Stone in the case of New York ex rel. Cohn v. Graves, 300 U. S. 308, 57 S. Ct. 466, 81 L. Ed. 666, 108 A. L. R. 721:

"That *the receipt of income* by a resident of the territory of a taxing sovereignty *is a taxable event is universally recognized.* Domicile itself affords a basis for such taxation. Enjoyment of the privileges of residence in the state and the attendant right to invoke the protection of its laws are inseparable from responsibility for sharing the costs of government." (Italics ours).

But we do not propose to enter into a discussion of the niceties of distinction sought to be drawn by the law writers in determining the exact nature of an income tax. As said by Mr. Justice Pitney in the case of Shaffer v. Carter, 252 U. S. 37, 40 S. Ct. 221, 226, 64 L. Ed. 445:

"The decision must depend not upon any mere question of form, construction, or definition, but upon the practical operation and effect of the tax imposed."

And by Mr. Justice Stone in the case of Lawrence v. State Tax Commission, 286 U. S. 276, 52 S. Ct. 556, 557, 76 L. Ed. 1102, 87 A. L. R. 374, in passing upon the validity of the Mississippi income tax:

"but in passing on its constitutionality we are concerned only with its practical operation, not its definition or the precise form of descriptive words which may be applied to it."

And by Mr. Justice McReynolds in the case of Choc-

taw, Oklahoma & Gulf Railroad Company v. Harrison, etc., 235 U. S. 292, 35 S. Ct. 27, 29, 59 L. Ed. 234:

> "Neither state courts nor legislatures, by giving a tax a particular name, or by the use of some form of words, can take away our duty to consider its real nature."

Nor do we find it necessary to decide whether it is within the power of the state to tax a citizen upon income derived from sources without the state prior to the time such citizen became a resident of the state. As said by Mr. Justice Holmes in United States v. Jim Fuey Moy, 241 U. S. 394, 36 S. Ct. 658, 659, 60 L. Ed. 1061, Ann. Cas. 1917D, 854:

> "A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional, but also grave doubts upon that score."

And as said by Chief Justice Thomas, speaking for this Court, in the case of Petroleum Exploration, Incorporated, v. Superior Oil Corporation, 232 Ky. 635, 24 S. W. (2d) 259, 260:

> "It is a universal rule that the interpretation of statutes should be such as to confine their operation and effect within the power and authority of the Legislature that enacted them, and if the language employed is capable of two interpretations, one applicable to some matters beyond the authority of the lawmaking body to legislate upon, and the other within such power and authority, the latter should be adopted."

It is also a well settled principle of statutory construction that a statute will not be so construed as to work inequality and hardship when such construction is not mandatorily required by the language employed. Commonwealth v. Ledman, 127 Ky. 603, 106 S. W. 247, 32 Ky. Law Rep. 452. With these principles in mind, it is apparent that we should not construe the Statute under consideration so as to require or permit the imposition of the tax in question unless the language of the statute admits of no other construction.

By the language of Section 4281b-1(g), every natural person domiciled in this state on the last day of the taxable year is brought within the purview of the act, and by the succeeding sections a graduated tax is as-

sessed against him in an amount determined by his income during the year over and above certain authorized deductions and exemptions; but nowhere is there a provision either expressly including or expressly excluding from the income of the resident taxpayer, income derived by such taxpayer from sources without the state prior to the time when such taxpayer became a resident. We readily concede that the Income Tax Act, taken as a whole, is susceptible to the construction contended for by appellant, but we are clearly of the opinion that there is nothing contained in the Act which requires such a construction. On the contrary, there are several provisions in the Act, such as that permitting returns for periods of less than a year and that allowing credits to residents for income taxes paid to another state under the reciprocity provision, which negative the idea that the Legislature intended to work hardship upon those to whom the Act applied. By the provision of Paragraph 2 of Section 4281b-14, the Legislature, by imposing a tax on the income of non-residents derived from property located in, or business conducted *in this State,* not only took cognizance of the constitutional limitations upon its taxing powers, but negatived the idea so vigorously contended for by counsel for appellant that the Kentucky Income Tax is under all circumstances a tax levied upon the individual and not against his property. Are we at liberty to hold that because the Legislature did not expressly exempt the income of an individual derived from sources without the state prior to his becoming a resident, such individual should be taxed on such income and thus be subjected to double taxation? Should we not rather so construe the Statute as to avoid a serious threat to its constitutionality and the injustice which would ensue should the construction contended for by appellant be adopted?

Counsel for appellant concede that had Massachusetts extended reciprocal exemptions, appellee, under the provisions of Section 4281b-15, providing for credits to residents of this State for taxes paid to another state upon income derived without this state, would have been exempt from the tax which is the subject of this litigation; but, it is not necessary to pass upon the questions thus raised or the constitutionality of a provision which would limit the rights of a taxpayer in this state by the acts or omissions of another state. Travis v. Yale & Towne Manufacturing Company, 252 U. S. 60, 40 S. Ct.

228, 64 L. Ed. 460. It is sufficient to say that in our opinion it was not the intention of the Legislature of Kentucky to impose a tax upon such portion of the income of a resident of this State as was derived by him from sources without the State prior to the date on which he became a resident of this State. The judgment of the Circuit Court being in conformity with this view, it follows that it should be, and, is, affirmed.

Judgment affirmed.

Whole Court sitting.