**DISTRICT OF COLUMBIA, Petitioner,**

v.

**Paul S. DAVIS, Respondent.**

**No. 20010.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 10, 1966.

Decided Jan. 5, 1967.

Mr. Henry E. Wixon, Asst. Corp. Counsel for District of Columbia, with whom Mr. Milton D. Korman, Principal Asst. Corp. Counsel, was on the brief, for petitioner. Messrs. Charles T. Duncan, Corp. Counsel, and Ronald L. Lenkin, Asst. Corp. Counsel at the time the brief was filed, also entered appearances for petitioner.

Mr. Paul S. Davis, Washington, D. C., appellee pro se.

Before DANAHER, Circuit Judge, EDWARDS,* Circuit Judge of the United States Court of Appeals for the Sixth Circuit, and TAMM, Circuit Judge.

I.

TAMM, Circuit Judge:

This is a proceeding to review a decision of the District of Columbia Tax Court presenting questions relating to the interpretation of the District of Columbia Income and Franchise Tax Act of 1947, as amended, 61 Stat. 328, as it applies to a taxpayer who was domiciled and earned income in another jurisdiction for part of the taxable year prior to becoming domiciled in the District of

---

1. Compare the dissenting opinion in Holmes v. United States, —— U.S.App. D.C. ——, ——, 370 F.2d 209, 211 (1966).

* Sitting by designation pursuant to Section 291(a), Title 28 U.S.Code.

Columbia for the remainder of the taxable year. The tax year in question is 1963. Respondent was a domiciliary of Detroit, Michigan until April 1, 1963, at which time he moved to the District of Columbia. For the rest of 1963 and since that time he has been a domiciliary of the District. Respondent filed with the District an individual income tax return for the period from April 1, to December 31, 1963, reporting therein adjusted gross income for that nine-month period of $17,178.04, from which he took certain deductions prorated for the nine-month period reflected on his return. Respondent earned $5,142.42 for the three months of 1963 during which he was domiciled in Detroit. He paid to the State of Michigan an intangible personal property tax of $26.71 for this period and an income tax to the City of Detroit of $45.41, for a total of $72.12. Respondent did not include any of the income earned by him prior to April 1, 1963 in his District of Columbia return for 1963, nor did he claim any credit for the taxes he paid in Michigan during the three-month period. Respondent computed his tax to the District for the nine-month period at $467.12 which he duly paid.

Subsequently the District Finance Office assessed a deficiency in respondent's tax, finding that he should have computed his District tax on the basis of his income for the *entire year,* rather than for only the nine-month period. The new assessment resulted in a revised tax of $664.42 (before credits), making a deficiency in tax of $197.30. The Finance Office then allowed a credit of $72.12 for the Michigan and Detroit taxes (which credit respondent had not previously claimed), making a net deficiency of $125.18, which respondent thereafter paid under protest (together with interest).

Respondent subsequently filed a petition with the District of Columbia Tax Court, seeking a refund of the deficiency assessed. The Tax Court reversed the determination of the Finance Office and ordered a refund (with interest) to respondent. The District of Columbia has petitioned this court to reverse the determination of the Tax Court. We affirm that decision, although on a somewhat different ground than that adopted by the Tax Court.

Before both the Tax Court and us, respondent has argued that as a matter of statutory construction, the District of Columbia Income and Franchise Tax Act of 1947, as amended, does not tax income received by a taxpayer prior to his residence in the District. Alternatively, respondent has argued that if the Act is interpreted to tax this income, that portion upon which the District relies is unconstitutional since it taxes income beyond the jurisdiction of the District of Columbia and is, consequently, in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

The Tax Court rejected respondent's statutory interpretation argument, finding that the Act in question, literally interpreted, imposed a tax upon respondent's entire income for the taxable year 1963. However, the Tax Court held that to the extent the statute included as taxable the income earned by respondent prior to the time he became a resident and domiciliary of the District, it violated the Fifth Amendment.

II.

As is clear from the decision of the Tax Court, respondent has placed in issue in this case a question of grave constitutional significance. The Tax Court considered and decided the constitutional question, while at the same time refusing to hold the tax invalid as a matter of statutory construction. We believe that the sage words of Mr. Justice Holmes in United States v. Jin Fuey Moy, 241 U.S. 394, 401, 36 S.Ct. 658, 659, 60 L.Ed. 1061 (1916) have relevance for the resolution of the problem which we are confronted with in this case. He stated there that

"[a] statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitution-

al, but also grave doubts upon that score."

See also General Motors Corp. v. District of Columbia, 380 U.S. 553, 85 S.Ct. 1156, 14 L.Ed.2d 68 (1965) where the Supreme Court recently construed other sections of the same Act as is involved here so as to avoid the necessity of reaching constitutional questions. Moreover, it is a cardinal principle of statutory construction that if there are two possible interpretations of a statute, one which would raise a question of constitutionality, and another which would not, then the construction which fairly avoids the constitutional question must be adopted. International Ass'n of Machinists v. Street, 367 U.S. 740, 749, 81 S.Ct. 1784, 6 L.Ed. 2d 1141 (1961).

Applying these general principles to this particular case, we believe, contrary to the Tax Court, that *as a matter of statutory construction* the income tax law involved here does not tax income received by a taxpayer prior to his becoming a "resident" of the District. While the Tax Court's determination of the constitutional question has much to recommend itself as both a logical and legal matter, we believe that the statute admits more readily of an interpretation that it was not intended to reach the income here in question, and we thus place our decision upon the nonconstitutional grounds.

### III.

Respondent has set forth his statutory construction argument in a clear and succinct manner in his brief, and rather than attempt to paraphrase his excellent exposition, it is set forth here in its entirety: [1]

"There is no specific provision in the District of Columbia Income and Franchise Tax Act of 1947 (D.C.Code, §§ 47–1551 et seq.) authorizing the taxation of income earned or received by individuals prior to their residence in the District. The tax law provides that a person domiciled in the District on the last day of the year shall be considered a resident of the District (Section 4(s) of Title I; Code Sec. 47–1551c(s)). There is no dispute as to the respondent having been both a resident and domiciliary within the District at all times since April 1, 1963. However, Section 4(s) of Title I (Sec. 47–1551c(s) of the Code) does not purport to tax income earned prior to domicile or residence in the District.

"The section actually imposing the tax states that there is levied for each year 'upon the *taxable* income of every resident' a tax at specified rates (Section 3 Of Title VI; Code Sec. 47–1567b; emphasis supplied). The phrase 'taxable income' is defined to mean the 'entire net income of every resident, in excess of the personal exemptions and credits for dependents' (Section 1 of Title VI; Code Sec. 47–1567). This language necessarily implies that the income must be taxable. It will be noted that the tax is not by its terms imposed on income for the 'entire' or 'whole' year, but merely for the 'taxable year.' It is therefore necessary to analyze the Act to consider the meaning of 'taxable year.'

"The tax law expressly recognizes that the status of a taxpayer may change during the taxable year, and in those situations the law provides an apportionment of the personal exemptions and credit for dependents (Section 2 of Title VI, Code Sec. 47–1567a). Subsections (d) and (e) of the Section specifically provide for proration of exemptions and credits for dependents and for changes in marital status, or with respect to persons dying before the end of the year, respectively. Subsection (f) of the same section makes a more general provision covering the case of a return 'made for a fractional part of a taxable year.' The phrase 'taxable year' is specifically defined elsewhere in the law to include a 'return made for a *fractional part* of

---

[1]. The text of the relevant sections of the statute is set out *infra* as an appendix to facilitate understanding of this argument.

a calendar or fiscal year' (Section 4(k) of Title I; Code Sec. 47–1551c(k); emphasis supplied).

"Subsection (f) of Section 2 of Title VI (Code Sec. 47–1567a) would appear to be clearly applicable to respondent's situation, and in filing the return for the last nine months of 1963, claim was made for personal exemption only as to ¾ of the full amount, or $750 (J.A. 13). Subsections (d) and (e) cover changes in marital status, and the death of the taxpayer, respectively. Subsection (f) is broader in its language and not limited to the special situations covered by Subsections (d) and (e). Hence it appears clearly to cover such a situation as respondent's, so as to authorize the filing of a return for a fractional part of a year.

"Since a return is authorized for a 'fractional part' of a year, that part of a year becomes the 'taxable year' within the meaning of Section 3 of Title VI (Code Sec. 47–1567b). So construed, the phrase 'taxable income' in the same section reaches only the income received from the *'resident'* after he becomes such. Similarly, the phrase 'taxable year' in the credit provision (Section 5(a) of Title VI; Code Sec. 47–1567) is properly interpreted to be the 'fractional part of the year in which the taxpayer resided in the District.' " Br. for respondent, pp. 22–25.

We have given close scrutiny and study to respondent's statutory construction approach and are persuaded by it. We agree with respondent that construing the sections in question in the manner suggested comports more properly with accepted principles of jurisdiction and avoids the necessity of inquiring into the constitutional question. The question remains, however, as to whether the result suggested by respondent is that intended by Congress.

### IV.

We have examined the legislative history (or lack thereof) relating to this statute, the decisional law and statutes from other jurisdictions, and the treat-ment of the question by federal taxing authorities in analogous contexts. We believe that our conclusion here is in conformity with the resolution of the question by these other authorities, as will be demonstrated by a brief review of them.

a.) *Legislative history:* The Congressional committee reports concerning the present District of Columbia Income Tax Law, which was enacted in 1947, contain no specific provisions concerning this problem. The situation is the same with respect to the predecessor District Income Tax Law, enacted in 1939. However, the House Committee Report concerning the 1939 Law contains the following language:

"accounting periods, basis of returns, and other provisions relating to returns of the taxpayer are substantially the same as the Federal law relating to such subjects." H.R. No. 808, 76th Cong., 1st Sess., p. 4.

b.) *Federal tax authority:* Respondent has directed the court's attention to the case of Lee v. Commissioner of Internal Revenue, 6 B.T.A. 1005, a 1927 decision of the Board of Tax Appeals holding that the Federal income tax was not applicable to income earned by a nonresident alien prior to the time of becoming a resident of the United States. In *Lee* the taxpayer had lived part of the tax year in England and part in the United States. In holding for the petitioner-taxpayer the Board stated that "taxing statutes should not be extended beyond their clear import." (6 B.T.A. at 1006.) This holding of the Board was approved by a subsequent Treasury Decision, which set forth a General Counsel's Memorandum issued in 1932 (2 Cum.Bull. 99, GCM No. 10759). The *Lee* case, with its subsequent acceptance by the Treasury, is persuasive support for respondent's argument, particularly in review of the close affinity between the District of Columbia law and the Federal taxing statute.

c.) *Statutes and state decisional law:* Respondent has cumulated an impressive array of statutes from various states demonstrating clearly that these states do not attempt to tax income received

prior to residence in the state.[2] In addition, numerous state courts have considered the question here involved under statutes not unlike the District law and have concluded that the various state legislatures did not intend to tax income earned in another state prior to domicile in the taxing state. *E.g.,* Greene v. Wisconsin Tax Comm'n., 221 Wis. 531, 266 N.W. 270 (1936); Kennedy v. Commissioner of Corporations and Taxation, 256 Mass. 426, 152 N.E. 747 (1926); Martin v. Gage, 281 Ky. 95, 134 S.W.2d 966, 126 A.L.R. 449 (1939); Forrester v. Culpepper, 194 Ga. 744, 22 S.E.2d 595 (1942). Perhaps the best statement in these cases of the conclusion reached by these courts that the statutes involved did not cover income received prior to residence in the state is that found in *Kennedy, supra,* wherein the court stated that this construction of the law

"avoids highly difficult constitutional questions which would be encountered if the sections were interpreted to subject a person removing to the Commonwealth in the latter part of any year to taxation on income received in a foreign jurisdiction while an inhabitant thereof, and thus at a time when such person derived no protection from our laws and owed them no duty." 152 N.E., at 749.

For all of the foregoing reasons, therefore, the decision of the District of Columbia Tax Court will be affirmed.

### APPENDIX

District of Columbia Income and Franchise Tax Act of 1947, as amended, 61 Stat. 328, ch. 258:

*Title I, Sec. 4(k) (s), (t), D.C. Code, 1961, Sec. 47-1551c(k) (s) (t).*

"Sec. 4. *General Definitions.*—For the purposes of this article and wherever appearing herein, unless otherwise required by the context—

\*     \*     \*     \*     \*     \*

"(k) The words 'taxable year' mean the calendar year or the fiscal year, upon the basis of which the net income of the taxpayer is computed under this subchapter; if no fiscal year has been established by the taxpayer, they mean the calendar year. The phrase 'taxable year' includes, in the case of a return made for a fractional part of a calendar or fiscal year under the provisions of this subchapter or under regulations prescribed by the Commissions, the period for which such return is made: Provided, however, That no taxpayer may change from a calendar year to a fiscal year or from a fiscal year to a calendar year within any taxable year without the written permission of the Assessor."

\*     \*     \*     \*     \*     \*

"(s) The word 'resident' means every individual domiciled within the District on the last day of the taxable year, and every other individual who maintains a place of abode within the District for more than seven months of the taxable year, whether domiciled in the District or not. The word 'resident' shall not include any elective officer of the Government of the United States or any employee on the staff of an elected officer in the legislative branch of the Government of the United States if such employee is a bona fide resident of the State of residence of such elected officer, or any officer of the executive branch of such Government whose appointment to the office held by him was by the President of the United States and subject to confirmation by the Senate of the United States and whose tenure of office is at the pleasure of the President of the United States, unless such officers are domiciled within the District on the last day of the taxable year."

"(t) The word 'nonresident' means every individual other than a resident."

*Title III, Sec. 2(a), D.C. Code, 1961, Sec. 47-1557a.*

"Sec. 2. *Gross Income and Exclusions Therefrom.*—(a) The words 'gross in-

---

2. *E. g.,* Ark.Stats., § 84–2003(a); New Mexico Stats., § 72–15–3.1; New York Tax Law, McKinney's Consol.Laws, c. 60, § 367–a; No.Car.Gen.Stats., Ch. 105, § 105–132(13) as amended; Va.Code, § 58–77, par. (10).

come' include gains, profits, and income derived from salaries, wages, or compensation for personal services of whatever kind and in whatever form paid, including salaries, wages, and compensation paid by the United States to its officers and employees to the extent the same is not exempt under this article, or income derived from any trade or business or sales or dealings in property, whether real or personal, other than capital assets as defined in this article, growing out of the ownership, or sale of, or interest in, such property; also from rent, royalties, interest, dividends, securities, or transactions of any trade or business carried on for gain or profit, or gains or profits, and income derived from any source whatever."

*Title V, Sec. 2(a), D.C. Code, 1961, Sec. 47–1564a.*

"Sec. 2. *Requirement.*—Each of the following persons shall file a return with the Assessor stating specifically the items of his gross income and the items claimed as deductions and credits allowed under this article, and such other information for the purpose of carrying out the provisions of this article as the Assessor may require:

"(a) *Residents and Nonresidents.*— Every nonresident of the District receiving income subject to tax under this article and every resident of the District, except fiduciaries, when— \* \* \* "

*Title VI, Secs. 1, 2(d), (e) and (f); D.C. Code, 1961, Secs. 47–1567, 47–1567a(d), (e) and (f).*

"Sec. 1. *Definition.*—For the purposes of this article, and unless otherwise required by the context, the words 'taxable income' mean the entire net income of every resident, in excess of the personal exemptions and credits for dependents allowed by section 2 of this title and that portion of the entire net income of every nonresident which is subject to tax under title VIII of this article."

\*　\*　\*　\*　\*　\*

2. "(d) If the status of a taxpayer changes during the taxable year with respect to his marital status the amount allowed under subsection (b) of this section shall be apportioned in accordance with the number of months before and after such change. For the purposes of this subsection, a fractional part of a month shall be disregarded unless it amounts to more than half a month, in which case it shall be considered as a month.

"(e) Beginning with the first taxable year to which this article is applicable and in succeeding taxable years, the amounts allowed under subsections (a), (b), and (c) of this section shall be prorated to the day of death in the final return of a decedent dying before the end of the taxable year, and as of the date of death the personal exemption is terminated and not extended over the remainder of the taxable year.

"(f) In the case of a return made for a fractional part of a taxable year, the personal exemptions and credits for dependents shall be reduced, respectively, to amounts which bear the same ratio to the full credits provided as the number of months in the period for which the return is made bear to twelve months."

*Title VI, Secs. 3, 4, D.C. Code, 1961, Secs. 47–1567b, 47–1567d, 1580.*

"(a) There is hereby annually levied and imposed for each taxable year upon the taxable income of every resident a tax at the following rates: \* \* \* "

"(b) In lieu of the method of computation prescribed by subsection (a), a resident reporting on a cash basis for any full calendar year who does not claim credit for taxes paid by him to any State or Territory of the United States or political subdivision thereof under the provisions of section 47–1567d on the whole or any part of his income for such calendar year and, if his gross income for such calendar year is $5,000 or less, and is derived solely from salaries, wages, dividends, and interest, may elect to pay the tax in accordance with a table to be included in regulations."

"Sec. 5. (a) *Credit Against Tax Allowed Residents.*—The amount of tax payable under this title by an individual who, although a resident of the District

of Columbia as defined in this article, was nevertheless a bona fide domiciliary of any State or Territory of the United States or political subdivision thereof during the taxable year shall be reduced by the amount required to be paid by such individual as income or intangible personal property taxes, or both, for such taxable year to the State, Territory, or political subdivision thereof of which he was a domiciliary. The Assessor may require proof, satisfactory to him, of the payment of such income or intangible personal property taxes: *Provided, however,* That the credit provided for by this section shall not be allowed against any tax imposed under title VIII of this article."

*Title X, Sec. 1, D.C.Code, 1961, Sec. 47–1580.*

"Sec. 1. *Purpose of Article.*—It is the purpose of this article to impose (1) an income tax upon the entire net income of every resident and every resident estate and trust, and (2) a franchise tax upon every corporation and unincorporated business for the privilege of carrying on or engaging in any trade or business within the District and of receiving such other income as is derived from sources within the District; *Provided, however,* That, in the case of any corporation, the amount received as dividends from a corporation which is subject to taxation under this article, and, in the case of a corporation not engaged in carrying on any trade or business within the District, interest received by it from a corporation which is subject to taxation under this article shall not be considered as income from sources within the District for the purposes of this article. The measure of the franchise tax shall be that portion of the net income of the corporation and unincorporated business as is fairly attributable to any trade or business carried on or engaged in within the District and such other net income as is derived from sources within the District: *Provided further,* That income derived from the sale of tangible personal property by a corporation or unincorporated business not carrying on or engaging in trade or business within the District as defined in title I of this article shall not be considered as income from sources within the District for purposes of this article, with the exception of income from sales to the United States not excluded from gross income as provided in title III, section 2(b) (13) of this article."